**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-6231**

---

UNITED STATES OF AMERICA,

                Petitioner – Appellee,

       v.

ROBERT PAUL BOYD,

                Respondent - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, Chief District Judge. (5:08-hc-02061-D-JG)

---

Submitted: July 30, 2013         Decided: August 7, 2013

---

Before MOTZ, KING, and AGEE, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Jennifer Haynes Rose, LAW OFFICE OF JENNIFER HAYNES ROSE, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Seth M. Wood, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Paul Boyd appeals from the district court's order civilly committing him pursuant to 18 U.S.C. § 4248 (2006) to the custody and care of the Attorney General. The United States sought to commit Boyd as a sexually dangerous person under the Adam Walsh Child Protection and Safety Act of 2006, 18 U.S.C. §§ 4247-48 (2006) (the "Act"). On appeal, Boyd contends that the Act violates his equal protection and due process rights and is criminal — and not civil — in nature. He also challenges the district court's determination that he suffers from a serious mental illness, abnormality, or disorder, given that his diagnosis of paraphilia, not otherwise specified, hebephilia, is not specifically listed in the Diagnostic and Statistical Manual of Mental Disorders ("DSM"). Boyd also contends that the district court clearly erred in finding that the Government proved by clear and convincing evidence that he would be unable to refrain from future acts of child molestation. Finally, he contends that the district court erred in denying his motions to dismiss and staying the action for two years. Finding no error, we affirm.

Pursuant to the Act, if, after a hearing, the district court finds by clear and convincing evidence that a person is a "sexually dangerous person," the court must commit the person to the custody of the Attorney General. 18 U.S.C. § 4248(d). A

2

"sexually dangerous person" is one "who has engaged or attempted to engage in sexually violent conduct or child molestation and who is sexually dangerous to others." 18 U.S.C. § 4247(a)(5). A person is considered "sexually dangerous to others" if "the person suffers from a serious mental illness, abnormality, or disorder as a result of which he would have serious difficulty in refraining from sexually violent conduct or child molestation if released." 18 U.S.C. § 4247(a)(6).

Regarding his constitutional claims, Boyd argues that 18 U.S.C. § 4248 violates equal protection because it applies only to federal prisoners, those committed to the Attorney General under 18 U.S.C. § 4241(d) (2006), and those against whom all criminal charges have been dismissed based solely on their mental condition. In addition, he argues that his detention between certification and his hearing violated due process. He further claims that the Act is a criminal statute and is not civil in nature.

This Court's precedent in United States v. Timms, 664 F.3d 436, 448-49 (4th Cir.), cert. denied, 133 S. Ct. 189 (2012), forecloses these three arguments. In Timms, we applied rational basis review and held that "Congress rationally limited § 4248's scope to sexually dangerous persons within BOP custody." Id. at 449. As to the due process claim, if the Government's lawful authority under § 4248 is not to blame for

3

the delay between a certification being filed and the hearing, the delay in the proceedings does not violate due process. Id. at 454. Here, the district court appropriately denied Boyd's first motion to dismiss and placed the case in abeyance pending the outcome of the appellate proceedings in United States v. Comstock, 551 F.3d 274 (4th Cir. 2009), rev'd 560 U.S. 126 (2010). The case proceeded without significant delay following the issuance of the Supreme Court's decision. Therefore, there was no due process violation.[*] Finally, in Timms, we held that "§ 4248 creates civil — not criminal — proceedings." 664 F.3d at 456. Thus, these claims are without merit.

Next, Boyd contends that the district court clearly erred in finding that clear and convincing evidence supported its finding that he suffered from a serious mental illness, abnormality, or disorder. Boyd relies in part on the absence of his particular type of paraphilia (hebephilia) from the DSM. We recently confirmed that "one will search § 4247(a)(6) in vain for any language purporting to confine the universe of qualifying mental impairments within clinical or pedagogical

---

[*] To the extent Boyd argues that the delay from certification to hearing was a violation of the Eighth Amendment, the Eighth Amendment does not provide him with a cause of action. See, e.g., Hydrick v. Hunter, 500 F.3d 978, 994 (9th Cir. 2007) (vacated on other grounds) ("[T]he Eighth Amendment is not the proper vehicle to challenge the conditions of civil commitment.").

4

parameters" and, consequently, that "it has been left to the courts to develop the meaning of 'serious mental illness, abnormality, or disorder' as a legal term of art." United States v. Caporale, 701 F.3d 128, 136 (4th Cir. 2012). Therefore, it was within the court's discretion to find that Boyd has a qualifying impairment even though his exact condition may not be specified in the DSM.

As to Boyd's other claims that it was error to find that his condition qualified under the Act and that he would have serious difficulty refraining from sexually violent behavior or molestation of a child, as required by 18 U.S.C. § 4247(a)(5)-(6), we have reviewed the record, the hearing transcript, and the district court's order incorporating its ruling from the bench and find no error. See United States v. Boyd, 5:08-hc-02061-D-JG (E.D.N.C. Jan. 27, 2012).

We therefore affirm the district court's order committing Boyd to the custody and care of the Attorney General pursuant to 18 U.S.C. § 4248. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED